J. Erik Heath, Esq. (SBN 304683)
100 Bush Street, Suite 1800
San Francisco, CA 94104
Telephone Number: (415) 391-2391
Facsimile Number: (415) 449-6556
Email Address: erik@heathlegal.com

Attorney for Plaintiff
**SONIA BOLANOS**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA BOLANOS,<br>    Plaintiff,<br><br>v.<br><br>PERSONAL COLLECTORS OF ARIZONA, INC.; and GENESIS CREDIT MANAGEMENT, LLC;<br>    Defendants. | Civil Action No. 3:17-cv-2493<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**11 U.S.C. § 1692** *et seq.* |

SONIA BOLANOS, Plaintiff, brings this action against Defendants Personal Collectors of Arizona, Inc., and Genesis Credit Management, LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

1. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Venue is proper in the Northern District of California because a substantial part of the events giving rise to the claims occurred within the district. *See* 28 U.S.C. § 1391(b)(1).

- 1 -
COMPLAINT

3. Pursuant to Local Rule 3-2(c) and (d), this action should be assigned to the San Francisco and Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San Francisco County.

## PARTIES

4. Plaintiff **SONIA BOLANOS** is a citizen of the United States, and is a resident of the City and County of San Francisco, California.

5. Defendant **PERSONAL COLLECTORS OF ARIZONA, INC.** ("PCA"), is a Arizona corporation, who regularly collects or attempts to collect debts. PCA's principal office is in Phoenix, Arizona, and PCA may be served with process through its registered agent, Stephanie Hankins, 2702 E. South Fork Drive, Phoenix, Arizona, 85048.

6. Defendant **GENESIS CREDIT MANAGEMENT, LLC** ("GENESIS"), is a Washington limited liability company, who regularly collects or attempts to collect debts. GENESIS's principal office is in Everett, Washington, and GENESIS may be served with process through its registered agent, Crystal Salas, 7100 Evergreen Way, Ste. C, Everett, Washington, 98203.

## FACTUAL BACKGROUND

7. On or around February 2015, Defendant PCA began contacting Plaintiff attempting to collect a debt alleged to be owed to a creditor named Second Nature Therapeutic Program, LLC.

8. Shortly after receiving the February 2015 letter from PCA, Plaintiff wrote to PCA at their office in Phoenix, Arizona, disputing the validity of the debt. Plaintiff had been disputing the validity of this debt for years, and had done so with at least one other previous debt collector who contacted her before PCA.

9. On or around February 12, 2016, the undersigned counsel also sent Defendant PCA a letter to its Arizona office, indicating that he represents Plaintiff with regard to the instant debt.

10. Defendant PCA received the letter, and initially directed communication towards the undersigned counsel. Such communication to the undersigned counsel came directly from the Chief Executive Officer of PCA in Arizona, as well as an attorney based in Everett, Washington, who represented PCA. Upon information and belief, Defendant PCA has no office or staff in Washington.

11. Beginning around May 23, 2016, Defendant PCA stopped contacting Plaintiff's attorney, and again began calling Plaintiff. For example, on May 23, 2016, Plaintiff received a voicemail from a woman who identified herself as Whitney Watson, a debt collector for PCA. Plaintiff's caller ID display indicated that Ms. Watson's call originated from area code 509, the area code for Everett, Washington, not from Arizona, where Defendant PCA's offices are located.

12. The calls to Plaintiff's home and cellular phones accelerated throughout the Summer of 2016. Sometimes the callers would leave messages, and sometimes they would hang up. Plaintiff had become so exasperated after disputing the validity of the debt for years, and hiring an attorney, that she could no longer bring herself to answer the incoming phone calls. But each time her phone rang from area code 509, a renewed stress overcame her, leaving her emotionally exhausted. At the height of these phone calls, Plaintiff received at least 3-4 calls per day.

13. Additional examples of voicemails include those from July 17, 2017, and July 26, 2017, both of which were left by a woman who identified herself as Stephanie Gorla, "a debt collector from PCA," calling from (509) 643-4727, and both of which requested that Plaintiff call her back at (866) 863-9194, ext. 5108.

14. On July 31, 2017, Ms. Gorla left another voicemail for Plaintiff, again calling from (509) 643-4727, and still advising Plaintiff to call her back at (866) 863-9194, ext. 5108. However, during this voicemail, Ms. Gorla revealed (presumably by accident) that she was not actually acting on PCA's behalf, as she indicated in her previous voicemails, but that she was in fact a debt collector Defendant GENESIS, who is based in Everett, Washington.

15. According to the website of Defendant GENESIS, its phone number is (866) 863-9194.

16. Further online research indicates that Defendant GENESIS often contacts consumers from the phone number (509) 643-4727.

17. Upon information and belief, Defendant GENESIS who has been contacting Plaintiff from Everett, Washington. However, based on the false information given to her, Plaintiff thought that she was still being contacted directly by Defendant PCA.

18. At no point in time did Defendant GENESIS mail Plaintiff a letter, outlining her rights to dispute the alleged debt, as she has done for years. And indeed, because Defendant GENESIS has hidden its identity from Plaintiff, Plaintiff has not been able to dispute the alleged obligation with Defendant GENESIS.

19. Upon information and belief, Defendant GENESIS is aware that Plaintiff is represented by counsel as to the purported debt.

20. At no point since his initial hiring did the undersigned attorney stop representing Plaintiff.

21. Not only do Defendants know that Plaintiff is represented by an attorney on the Debt, but they have knowledge of the attorney's name and address, and have in fact had communications with Plaintiff's attorney.

22. At no point since his initial hiring have the undersigned attorney or Plaintiff consented to Defendants contacting Plaintiff directly.

23. At no point in time has either Defendant contacted the undersigned attorney to ask if he still represented Plaintiff.

24. At no point in time have Defendants left any messages for Plaintiff's attorney, or otherwise requested a response from Plaintiff's attorney.

25. At no point in time has Plaintiff's attorney failed to answer correspondence, return telephone calls, or discuss the obligation in question with Defendants.

26. At no point in time since her initial dispute to Defendant PCA has Plaintiff made any inquiries to Defendants, or initiated any contact personally with Defendants of any nature.

27. Plaintiff still receives phone calls from (509) 643-4727, despite long ago indicating that she was represented by an attorney.

28. The continued heavy pattern of phone calls to Plaintiff has left her in a continued state of distress. This stress is compounded by the nature of the underlying obligation, which involves illegal charges by a "boot camp" wilderness school in Utah after the school refused to return Plaintiff's son to her, instead requiring her to hire legal counsel to force his release from the school's control in an unknown location in the Utah wilderness. Every phone call from Defendants brings Plaintiff back to these stressful memories of a difficult time.

29. As a result of Defendant PCA's continued insistence on contacting Plaintiff even though it knows she is represented by counsel, she has incurred actual damages, including but not limited great emotional distress at the receipt of each phone call from Defendant PCA.

## FIRST CAUSE OF ACTION:
Fair Debt Collection Practices Act

30. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

31. Defendants PCA is a "debt collector," as defined by the FDCPA, 15 U.S.C. § 1692a(6).

32. Defendants GENESIS is a "debt collector," as defined by the FDCPA, 15 U.S.C. § 1692a(6).

33. Defendant PCA uses the mail and telephone communications in its business.

34. Defendant GENESIS uses the mail and telephone communications in its business.

35. Defendant PCA regularly collects or attempts to collect debts asserted to be due to another.

36. Defendant GENESIS regularly collects or attempts to collect debts asserted to be due to another.

37. Defendant PCA has violated the FDCPA. These violations include, but are not limited to, the following:

    a. Defendant PCA has communicated with Plaintiff about the purported debt, through Defendant GENESIS, even though it knows she is represented by an attorney with respect to such debt, in violation of 15 U.S.C. § 1692c(a)(2); and

    b. Defendant PCA has generally engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

38. Defendant GENESIS has violated the FDCPA. These violations include, but are not limited to, the following:

    a. Defendant GENESIS has communicated with Plaintiff about the purported debt, even though it knows she is represented by an attorney with respect to such debt, in violation of 15 U.S.C. § 1692c(a)(2);

    b. Defendant GENESIS has generally engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d;

    c. Defendant GENESIS has made repeated phone calls to Plaintiff without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

    d. Defendant GENESIS has used a business, company, or organization name other than its true name, in violation of 15 U.S.C. § 1692e(14);

    e. Defendant GENESIS has failed to provide Plaintiff with the validation notices required by the FDCPA within five days of its initial contact to her, in violation of 15 U.S.C. § 1692g(4).

39. As a result of Defendants' actions, Plaintiff is entitled to an award of actual and statutory damages, as well as an award of costs and attorney's fees.

**SECOND CAUSE OF ACTION:**
Rosenthal Fair Debt Collection Practices Act

40. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

41. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

42. Defendant PCA is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

43. Defendant GENESIS is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

44. The financial obligation alleged to be owed to Defendants is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

45. Defendant PCA has violated the RFDCPA. The violations include, but are not limited to, the following:

    a. Defendant PCA has communicated with Plaintiff about the purported debt, even though it knows she is represented by an attorney with respect to such debt, in violation of Cal. Civil Code §§ 1788.14(c), 1788.17 (referencing 15 U.S.C. § 1692c(a)(2)); and

    b. Defendant PCA has generally engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of Cal. Civil Code § 1788.17 (referencing 15 U.S.C. § 1692d).

46. Defendant GENESIS has violated the RFDCPA. The violations include, but are not limited to, the following:

    a. Defendant GENESIS has communicated with Plaintiff about the purported debt, even though it knows she is represented by an attorney with respect to such debt, in violation of Cal. Civil Code §§ 1788.14(c), 1788.17 (referencing 15 U.S.C. § 1692c(a)(2));

    b. Defendant GENESIS has generally engaged in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in violation of Cal. Civil Code § 1788.17 (referencing 15 U.S.C. § 1692d);

    c. Defendant GENESIS has made repeated phone calls to Plaintiff without meaningful disclosure of the caller's identity, in violation of Cal. Civil Code §§ 1788.11(b), 1788.17 (referencing 15 U.S.C. § 1692d(6));

    d. Defendant GENESIS has communicated with the debtor other than in the name of its business or the person on whose behalf the debt collector is acting, in violation of Cal. Civil Code § 1788.13; and

    e. Defendant GENESIS has failed to provide Plaintiff with the validation notices required by the FDCPA within five days of its initial contact to her, in violation of Cal. Civil Code § 1788.17 (referencing 15 U.S.C. § 1692g(4)).

47. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

48. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

49. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty of one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

50. As a result of Defendants' violations of the RFDCPA, Plaintiff is further entitled to an award of statutory damages in the amount of $1,000, pursuant to Cal. Civil Code § 1788.17 (referencing 15 U.S.C. § 1692k(a)(2)(A)).

51. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and

1788.17.

**WHEREFORE,** Plaintiff, SONIA BOLANOS, requests that this Court:

   (a) Award Plaintiff actual and statutory damages;

   (b) Award Plaintiff attorney's fees, litigation expenses, and court costs; and

   (c) Grant Plaintiff such other and further relief as is just and proper under the circumstances.

Dated: May 1, 2017                             J. ERIK HEATH, ATTORNEY AT LAW

                                                */s/ Jon Erik Heath*
                                               J. ERIK HEATH
                                               Attorney for Plaintiff **SONIA BOLANOS**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of each and every cause of action so triable.

Dated: May 1, 2017            J. Erik Heath, Attorney At Law


*/s/ Jon Erik Heath*
J. ERIK HEATH
Attorney for Plaintiff **SONIA BOLANOS**